ORIGINAL

FILED
MAY 21 2004
U.S. COURT OF FEDERAL CLAIMS

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANDRE TOSTE & JOAO PAULINO, LDA – JOINT VENTURE | ) | Complaint |
| Plaintiff, | ) | |
| v. | ) | 04- 902C |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, Andre Toste & Joao Paulino, LDA - JV ("Plaintiff"), by its attorneys, Gdanski & Gdanski LLP, as and for its Complaint against the United States of America (hereinafter referred to as "Defendant" or "Agency") alleges as follows:

1. Plaintiff is a joint venture between a sole proprietorship, Andre Toste and a Corporation, Joao Paulino.

2. Andre Toste is a sole proprietorship, established in Paraia da Vitoria, Azores, Portugal since 1980.

3. Joao Paulino, Lda., is a corporation, registered in Praia da Vitoria, Azores Portugal since 1989.

4. Plaintiff is comprised of two entities that have significant experience working with the United States Government and have specific experience at Lajes Field located in the Azores.

5. The Unites Sates Navy, Department of the Navy, Atlantic Division, Naval Facilities Engineering Command located at 1510 Gilbert Street Building N26, Norfolk, Va

23511-2699 issued Solicitation No. N62470-99-B-9155 on March 15, 2001, titled "API Tank Repairs, Tanks 1642 and 1643" to be performed at Lajes Field, Azores.

6. On July 29, 2001, the Navy issued Amendment/Modification 0004 to convert the solicitation from a sealed bid to a negotiated procurement with a due date for all bids of August 15, 2001.

7. On August 10, 2001 Plaintiff timely presented an offer on the solicitation in accordance with Amendment 0004.

8. On September 28, 2001, Plaintiff was awarded the contract and was directed to proceed with the work

9. Plaintiff began work on the contract immediately and began to prepare in an effort to meet the contracts deadlines.

10. Plaintiff incurred significant expenses in preparing to perform the contract.

11. On October 18, 2001, the Navy issued a Suspension of Work stating the "Tanks 1642 and 1643 are currently not empty and are not ready for repairs to be made." The letter went on to specifically warn that the Navy anticipated the stay to last until February 1, 2002.

12. The Navy, on January 29, 2002, raised questions about contract requirements.

13. Plaintiff responded to the Navy's inquiry.

14. The Navy then terminated the contract for convenience. The Navy stated in a letter dated March 19, 2002, "In order to correct the errors and maintain the integrity if the competitive process, we propose to terminate your contract for the convenience of the Government." A modification terminating the contract for convenience was attached to that letter.

15. Plaintiff was requested to submit it's costs to the Navy.

16. Plaintiff timely submitted a settlement claim for its costs associated with the contract. The costs were broken down as required by the Standard Form 1436 as per the instructions of the Navy.

17. The Settlement Proposal included a breakdown as per the Navy's request.

18. The total Settlement offer submitted by Plaintiff, together with applicable backup substantiating documentation including subcontractor agreements and subcontractor invoices, totals $463,772.00.

19. By letter dated May 29, 2002, the Navy requested additional documentation and information.

20. Plaintiff supplied the requested documentation and timely submitted a revised proposal including all required backup documentation on July 1, 2002.

21. Plaintiff submitted its claim for termination costs as follows.

| Item | Explanation | Amount |
|---|---|---|
| Bonds & Guarantees | Bank Charges | $7,658.00 |
| Insurances | Comprehensive General Liability | $810.00 |
| API Publications | Purchase of API and Navy Publications | $1,376.81 |
| Acquisition of Backhoe | Purchase Price Minus Salvage | $27,906.00 |
| Acquisition of Lifter | Purchase Price Minus Salvage | $39,181.00 |
| Acquisition of Compressor | Purchase Price Minus Salvage | $5,916.00 |

Schedule C – General And Administrative Expenses

| Item | Explanation | Amount |
|---|---|---|
| Submittal Preparation | | $25,200.00 |
| Office Cost, Clerk | From Sep 29 02 to 20 March 02 | $27,500.00 |
| QC Organization | From 29 Sep 02 to 20 March 02 | $194,400.00 |
| Site Preparation and Safety | | $47,898.00 |

Legal Assistance $11,000.00

Schedule F – Settlements With Immediate Subcontractors and Suppliers

| Item | Explanation | Amount |
|---|---|---|
| Corrosion Control Inc. PO Box 575 Rutledge Ga. | Submittal Preparation | $4,416.00 |
| I.S.Q. Ave Prof Cavaco Talaide 278 Oetras, Port. | Submittal Preparation, ADI Cert. | $23,760.00 |
| S.L.M. Catujal, Apart. 3 2686 Sacavem Port | Submittal Preparation | $24,836.00 |
| T.A.O. Consulting Group 17 Business St. Hyde Park, MA | Workers Training | $10,574.00 |
| Engimetal-Rua Rodrigo Fonseca 201 Lisbon | Submittal Preparation, | $26,373.00 |

TOTAL $478,804.00.

22. On September 10, 2002, the Navy requested a DCAA audit which was conducted on October 16, 17, 18, 21.
23. On November 15, 2002, the DCAA Audit Report approved only $18,812.00.
24. Negotiations were conducted between Plaintiff and the Navy via telephone on February 24, and February 25, 2003, which did not result in an agreement.
25. By letter, dated August 29, 2003, the Navy issued its final Decision.
26. The FINAL DECISION dated August 29, 2003 stated "The Contracting Officer of the Construction Branch, Atlantic Division, Naval Facilities Engineering Command Headquarters, has forwarded your termination for convenience settlement proposal in the amount of $478,805.71 under Contract N62470-99-C-9155, API Tank Repairs, tanks 1642 and 1643, Lajes Field, Azores.

27. The letter listed the Contracting Officer's finding of facts along with the amount of Entitlement allowed by the Contracting Officer.

28. The Contracting Officer determined that of the $478,805.71 claimed by Toste & Paulino was only entitled to bond costs of $5,682.00 stating that "Thus, the total amount of entitlement found by the Government is $5,682.00 (bond costs)"

29. The Contracting Officer continued "However, it is reasonably arguable that you are not due any amount, as the reason the Government was required to terminate the contract for convenience was that your bid and the subsequent contract award did not legally bind Toste & Paulino, LDA, as it lacked the three signatures required by the charter of that entity. Similarly, it was your actions, not the Government's that led to the determination that the bid was non-responsive, as the bid bond was not in the name of the bidder and the awardee Toste & Paulino, LDA. Thus, it was the fault and negligence of the contractor that caused the Government to take appropriate steps to correct the circumstances."

30. Plaintiff's position under appropriate case law is that once the government terminated for convenience, the sole issues are quantum entitlement under a termination for convenience.

31. The government's assertions in Paragraph 29 are not a legal defense to Plaintiff's entitlement.

32. The Contracting Officer stated that "Based on the foregoing you are entitled to a settlement in the amount of $5,682.00, which is the cost of the performance bond.

## AS AND FOR A FIRST CAUSE OF ACTION

33. This is an appeal of the contracting officer's final decision dated August 29, 2003 which allowed only a total of $5,682.00 out of $478,805.71 claimed.

34. The Navy terminated the contract for Convenience and improperly denied significant portions of Plaintiff's claim, despite their reasonableness under a termination for convenience.

35. The Contract required significant start up and preparation costs which could not be avoided simply because the Agency issued a stop work order more than two weeks after contract award.

36. Moreover, certain costs needed to continue even after the issuance of the stop work order in an effort to meet the contracts deadlines and comply with labor laws.

37. However, the Navy improperly denied almost all the costs.

38. This complaint is timely as it is brought within 1 year of the contracting officer's final decision as instructed by David Laoureux, Director Contracts office, Contracting Officer which instructed "In lieu of appealing to the board of Contract Appeals, you may bring this action directly in the U.S. Claims Court within 12 months of the date you receive this direction.

## AS AND FOR A SECOND CAUSE OF ACTION

39. Plaintiff repeats and incorporates all the allegations in Paragraphs 1 through 38.

40. If the government assertions mentioned in Paragraph 29 are being asserted as a defense, these are without merit and only quantum under a termination settlement

for convenience principle is applicable and Plaintiff demands the amount of $478,805.71.

## AS AND FOR A THIRD CAUSE OF ACTION

41. Plaintiff repeats and incorporates all the allegations in Paragraphs 1 through 40.

42. In addition to the amounts previously claimed there were additional attorneys fees and other costs as settlement expenses incurred prior to bringing this action before the United States Court of Federal Claims.

WHEREFORE, as a result of the Agency's improper action, as stated above, Toste & Paulino, LDA – JV, has incurred substantial costs associated with this contract and has been damaged by the Agency's actions and requests that this Court grant Toste & Paulino, LDA – JV the following relief:

1. The payment for termination settlement costs in the amount of $478,805.71.

Date: May 19, 2004

Respectfully submitted,

Scott H. Gdanski
Attorney for Plaintiff
1420 Queen Anne Road, Suite 7
Teaneck, New Jersey 07666